NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK KONARSKI, DBA FGPJ Apartments & Development; et al., Plaintiffs-Appellants, v. CITY OF TUCSON, a body politic; et al., Defendants-Appellees. | No. 17-16751 D.C. No. 4:14-cv-02264-JGZ MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Frank, Gabriela, Patricia, John, and Frank E. Konarski appeal pro se from

the district court's order imposing monetary sanctions in the amount of $400.00 for

violating a vexatious litigant order.  We have jurisdiction under 28 U.S.C. § 1291.

We review for an abuse of discretion the district court's entry of monetary

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

sanctions, *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997), and we affirm.

The district court did not abuse its discretion in imposing monetary sanctions because the record supports its conclusion that the Konarskis knowingly violated the district court's vexatious litigant order entered on March 18, 2016. *See Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001) (district courts have "inherent power to levy sanctions . . . for willful disobedience of a court order" (citations and internal quotation marks omitted)). Contrary to the Konarskis' contentions, the district court did not violate due process by imposing a $400 sanction after warning the Konarskis that future violations of the district court's vexatious litigant order would subject them to sanctions in the amount of $400 per filing, and the vexatious litigant order itself warned them that violation of the order could result in monetary sanctions. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 n.2 (1994) ("Direct contempts that occur in the court's presence may be immediately adjudged and sanctioned summarily[.]").

The Konarskis' challenge to the denial of their motion to hold in abeyance a ruling in this action pending resolution of their appeal in Case No. 16-15476 has been mooted by that appeal, *Konarski v. City of Tucson*, 716 F. App'x 609, 612

2                                                                              17-16751

(9th Cir. Nov. 28, 2017), which affirmed the district court's vexatious litigant order.

Because we affirm, the Konarskis' request for reassignment to a new district judge on remand, set forth in their opening and reply briefs, is denied as moot.

**AFFIRMED.**